By the Court.
Slosson, J.
—This is an appeal from an order at Special Term, overruling a demurrer interposed by the defendant to the complaint.
The demurrer is, first, for an alleged misjoinder of causes of action, and second, that the complaint does not state facts sufficient to constitute a cause of action.
*351 As to the misjoinder we are all of opinion that the demurrer is not well taken.
The causes of action all arise out of frauds alleged to have "been practised by the defendant, in relation to the stock of the bank, either by violation of his duty as director, in contravention of the various provisions of the statutes, or by false representations in respect to its value, by which the plaintiff was induced to become a purchaser of it. They may all be said to arise out of transactions connected with the same subject of action.
The case then stands on the general demurrer, and if there is a single good count in the complaint it must be overruled.
First. The cause of action stated in the first count, is an alleged falsehood uttered by the defendant as a director, with other directors, through the articles of association under which the bank was organized, as to the amount of the stock actually subscribed and paid in, whereby the plaintiff was induced to become a stockholder, and that by reason of the amount of stock so represented to have been subscribed and paid for, not having in fact been subscribed and paid for, to the extent so represented, the value of the shares of the capital stock was greatly diminished to plaintiff’s damage.
It is difficult to understand how a director can be chargeable individually for false statements contained in the articles of association of the bank, which necessarily preceded in order of time the election of the board of directors, or how such articles of association can have the character of a continuing false representation by every director who may subsequently come into the board, so as to give to every subsequent purchaser of the stock a right of action against him.
We are clear that no good cause of action is made out in this count.
Second. In respect to the second, third, fourth and fifth counts, they are but recapitulations of distinct violations, by the defendant as a director, of several of the provisions of the statute entitled “Of Moneyed Corporations.” (1 R. S., ch. 18, tit. 2.) Each of them forming an undoubted cause of action, under section 10 of the statute, in favor of every creditor and stockholder who may be injured thereby.
*352 The sixth count is a summing up or statement of the consequences of these several alleged violations of the statute, to wit, the insolvency and suspension of the bank, on the 9th day of December, 1854, whereby the plaintiff’s stock became worthless, and the defendant became liable to the plaintiff for the amount which he had paid for the stock, $2,000, and interest thereon.
These counts all allege the violations of the statute complained of to have been committed by the defendant before the 23d day of October, 1854. This was some five days before -the plaintiff became a stockholder himself, and the question arises whether he is entitled to the benefit of the provisions of section 10, giving this right of action.
We are of opinion that he is not, and that the statute was intended to apply only in favor of those who might be stockholders or creditors at the time of the several violations of its provisions complained of.
The right of action incident to a breach of duty on the part of a director, is one which attaches to the party who, in the language of the statute, “ sustains the lossand this is not predicable of a party who buys the depreciated stock after the offense committed. -The fact that the stock which he purchases is less valuable than it otherwise would have been, constitutes no loss to him, since he must be presumed, in the absence of any fraudulent inducement held out to him to purchase, to: have given only what the stock was worth at the time. If a man purchase a horse which has been injured in the hands of its owner, he certainly does not acquire by the purchase a right of-; action against the wrong-doer. Such -right belongs ■ to him who owned the horse when the wrong was committed, and does not pass with the horse to the purchaser. A man buys stock as he does every other kind of personal property, (under certain qualifications not necessary here to be stated,) at his own risk as to quality.
The statute (§ 10,) was intended to indemnify those who, holding stock intrinsically of value, suffer an actual loss by its depreciation in their hands by the fraudulent conduct of the directors, the trustees who are entrusted with the management of the business' and affairs of the association, and this is all it intends.
*353 We should hold this, had the stock in the present instance been purchased of a previous holder of it, who had a clear right of action against the directors personally, but in fact it was not so purchased, but the plaintiff purchased the shares from the bank itself. He gave par for it. Whether this stock was taken by becoming a subscriber, or by purchasing shares not previously issued, or which had been bought up by the bank, does not appear, but the purchase, whatever its form may have been, was from the bank itself, and not from an individual holder of the shares.
The bank in its corporate capacity could have no right of action under section 10, against its own directors.
Thus, the seventh count contains an allegation, that the defendant while a director did with other directors falsely and fraudulently represent to the plaintiff that the capital stock was actually worth par or over par, and thereby induced the plaintiff to become a stockholder, and that relying on such representations, he agreed to purchase and take, and on the 28th day of October did purchase and take from the bank 80 shares of its stock at par, paying therefor $2,000, whereas the stock at the time of the representation and purchase was worthless, and the banking association was soon afterwards declared insolvent, and the sum so paid by the plaintiff was wholly lost, whereby an action hath accrued to him against the defendant.
The offense here imputed is not one of those prohibited by the statute, and the count if sustained at all must be on the ground that it makes out a good cause of action against the defendant, in his individual capacity, for false representations.
We think it defective in this, that it does not allege that the defendant knew that the stock was not worth what he represented it to be, nor that he made the representation with the intent to induce the plaintiff to become a purchaser of it.
Alleging that a party “ falsely and fraudulently represented” a thing to be what it is not, is not an allegation of a knowledge on his part, or of an intent to deceive. Whether it was a fraud' or not depends on these two circumstances, and the averment that an act is fraudulent, is but an averment of a conclusion of fact, which standing by itself is wholly unsupported.
As director he is not chargeable with knowledge of the value *354 cif the stock, and if he were, he is not responsible to any party to whom he misrepresents such value, unless the false statement were made with the intent to deceive him.
The intent is the essence of the fraud, and it is the question to be submitted to the jury. They might find that the defendant made the representation, but that he was himself deceived, and acted under an honest though mistaken apprehension of the truth.
To render him liable in damages to every person subsequently purchasing stock, to whom he has expressed an erroneous opinion of the value of the stock, or even have made an untrue statement in respect to it, but without an actual fraudulent intent, an intent to induce such purchase, on the ground that he was a director at the time, and should have known better, or should have held his peace, would be establishing a principle with which we are not acquainted and to which we cannot assent.
If the intent is to be proved, it should have been averred, and not being averred the count is bad even if knowledge may be presumed on the part of a director.
The allegation that the plaintiff was “ induced” by the representation to become a stockholder, does not supply the defect, and is entirely compatible with the absence of any fraudulent intent on the part of the defendant in making it.
Fourth. The eighth count alleges, that soon after the plaintiff became a stockholder, the banking association suspended payment, and in the succeeding January was declared insolvent, and that by the judgment of the Supreme Court the stockholders were adjudged to be liable for the payment of its debts, in proportion to the amount of their several shares, which were ratably assessed, and judgment rendered against them for the amounts so assessed, and that the amount assessed on the plaintiff’s stock was $977.08. “By reason of which said several acts of the defendant as hereinbefore mentioned, and violations of the statute aforesaid an action hath accrued,” &c., to the plaintiff against the defendant.
This is not an allegation of a cause of action arising out of the rendition of the judgment, the judgment being stated only as fixing the amount of the additional damages over and above the *355 price paid for the stock to which the plaintiff conceives himself entitled.
No new cause of action is assigned, and the objections above stated to the first six counts are applicable to this. But if it were otherwise, and it was intended by this count to set up a cause of action, arising out of the rendition of the judgment, it would be bad in not averring that the administrators had paid it, or had assets of the estate in their hands which in the course of its due administration were applicable to its payment.
It is only actual damages which the statute (§10) was intended to indemnify against, and not such damage as a mere liability might entail.
We are all clearly of opinion, under the authorities cited by the learned Justice, at Special Term, that banking associations organized like the present are within the provisions of the statute relative to the insolvency of moneyed corporations, above cited, under the tenth section of which this action is brought.*
We think the general demurrer well taken, and the judgment, at Special Term, must be reversed, with costs, and judgment be entered for defendant, without prejudice to an application, within twenty days, for leave to amend complaint, if plaintiff is so advised.
Ordered accordingly.

 See, Leavitt v. Blatchford, 17 N. Y. R, 521.